# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

THANG QUOC PHAM                                                     PLAINTIFF

v.                                    CIVIL ACTION NO. 3:17-CV-00125-DPJ-FKB

TYSON FARMS, INC.                                            DEFENDANT

## MEMORANDUM BRIEF IN SUPPORT OF TYSON FARMS, INC.'S
## MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE

Defendant Tyson Farms, Inc. ("Tyson") respectfully submits this Memorandum in Support of its Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence. Specifically, Tyson requests that this Court enter an order *in limine* barring Plaintiff Thang Quoc Pham ("Plaintiff"), his counsel and any witness from introducing any evidence of, offering any testimony regarding, or making any direct or indirect reference to: (a) Plaintiff's second farm, St. Michael Farm; (b) any alleged future lost profits related to St. Paul Farm; and (c) Tyson's net worth, financial status or size. As shown below, this evidence is irrelevant and its admission would be unfairly prejudicial to Tyson.

### I.    LEGAL AUTHORITY

The Federal Rules of Evidence govern the admission of relevant evidence, as well as the introduction of evidence that may unfairly prejudice the jury. *See* Fed. R. Evid. 401-403. The Rules define "[r]elevant evidence" as evidence having a tendency to make "a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. Furthermore, the trial court may exclude otherwise relevant evidence if the court determines the evidence presents a danger of "unfair prejudice, confus[ion] of the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A trial court has broad discretion in determining the admissibility of evidence, including its relevance, probative value and prejudicial effect. *See United States v. Vincent*, 648 F.2d 1046, 1051 (5th Cir. 1981); *see also*, Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible.")

## II. FACTS & CURRENT POSTURE OF THE CASE

Plaintiff served as an independent contract grower for Tyson for over ten years. Plaintiff was a broiler producer, which means he raised chickens Tyson provided to him. Plaintiff first entered into a seven-year term grower production contract with Tyson in November 2005. In November 2012, Plaintiff entered into a new seven-year grower contract with Tyson. Both of these contracts concerned Plaintiff growing chickens on his first farm, St. Paul Farm, which he purchased in 2005. Plaintiff purchased a second farm, St. Michael Farm, in 2012, but it is undisputed he never had a grower contract with Tyson for that second farm.

Over the years, Tyson experienced numerous problems with Plaintiff in terms of his management and treatment of chickens. In July 2015, Tyson representatives met with Plaintiff and made clear to him that he was in danger of losing his contract and that he needed to improve or Tyson would take action under the contract. Following the meeting, Plaintiff continued growing chickens for Tyson under the contract until May 2016 for which Tyson paid him over $120,000. Tyson continued to fulfill all of its duties under the contract during that time period.

On February 16, 2016, Plaintiff entered into a contract to sell his St. Paul Farm, including the chicken houses and associated land and equipment. In June of 2016, Plaintiff sold St. Paul Farm for his initial asking price of $800,000. At the time of this sale, Plaintiff owed only $35,114.90 on his mortgage for St. Paul Farm.

Plaintiff's lawsuit against Tyson contains four claims: breach of contract, tortious breach of contract, breach of the duty of good faith and fair dealing and infliction of emotional distress-- all arising out of Plaintiff's contract with Tyson for growing chickens on St. Paul Farm. *See* Complaint attached as Exhibit A to Tyson's Motion *in Limine*. Respectfully, Tyson's pending Motion for Summary Judgment shows that it is entitled to judgment as a matter of law on each of Plaintiff's claims. However, in the event Tyson's Motion for Summary Judgment is denied and the case proceeds to trial, certain evidence explained below should not be admissible at trial.

### III. ANTICIPATED EVIDENCE FROM PLAINTIFF THAT THE COURT SHOULD EXCLUDE

Tyson anticipates that Plaintiff will attempt to offer evidence at trial related to one or more of the topics described below. The evidence would be irrelevant and/or unfairly prejudicial. Therefore, testimony and evidence regarding the following subject matters is inadmissible.

**A. Evidence Concerning Plaintiff's Second Farm, St. Michael Farm, Is Inadmissible**

In the Complaint, Plaintiff alleges that Tyson committed various acts of wrongdoing designed to damage Plaintiff and that resulted in damages to his chicken growing business. *See* Exhibit A at 3.19-3.24. All of Plaintiff's claims for relief involve Plaintiff's St. Paul Farm. Indeed, Plaintiff's Complaint does not articulate any cause of action at all related to the second farm, St. Michael Farm. *See* Exhibit A. The Complaint merely makes random allegations about this second farm early in the discussion of the background facts. *Id.* Nevertheless, throughout the lawsuit Plaintiff has referenced various issues with his St. Michael Farm, and Tyson expects he will want to discuss that second farm at trial.

In its summary judgment brief, Tyson explained that Plaintiff did not have a contract with Tyson pertaining to St. Michael Farm and has no valid claim related to that second farm. *See* Tyson's Memorandum in Support of its Motion for Summary Judgment [Dkt. 44] at 8. In his

Response to the Summary Judgment Motion, Plaintiff did no more than regurgitate the same facts pertaining to St. Michael Farm that were found in the initial Complaint. *See* Plaintiff's Response Memorandum to Tyson's Motion for Summary Judgment [Dkt. 47]. Plaintiff did not argue or explain why summary judgment should not be granted with respect to any claim pertaining to St. Michael Farm. As Plaintiff's Summary Judgment Response did not address this issue, any claim related to St. Michael Farm is waived. *See Hervey v. Miss. Dept. of Educ.,* 2010 WL 88901, at *7 (S.D. Miss. Jan. 6, 2010); *see also Pratt v. Mutual of Omaha Ins. Co.,* 2016 WL 1248885, at *8 (N.D. Miss. Mar. 28, 2016). Thus, any testimony pertaining to St. Michael Farm is not relevant and would be confusing and prejudicial to Tyson.

Moreover, any evidence about St. Michael Farm is irrelevant because in fact Plaintiff's claims all relate to St. Paul Farm and he has no valid claim concerning St. Michael Farm. It is undisputed Plaintiff never had a contract with Tyson to grow chickens on St. Michael Farm. His contract was only for St. Paul Farm. *See* Excerpts from Plaintiff's deposition attached as Exhibit B to Tyson's Motion *in Limine* at 82. Plaintiff leased St. Michael Farm to other growers who had their own Broiler Production Contracts with Tyson. *See id.* at 83-84 and 296. Plaintiff admitted in his deposition, as he must, that Tyson did not have an obligation to enter into a contract with him on this second farm. *See id.* at 303. Because Plaintiff has no valid claim against Tyson related to the St. Michael Farm, the facts concerning that second farm are irrelevant and inadmissible.

In addition, any arguable probative value of this evidence would be substantially outweighed by the potential dangers of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. *See* Fed. R. Evid. 403. The Court should preclude Plaintiff from discussing St. Michael Farm as it may confuse and mislead the jury into thinking that this case is

about St. Michael Farm, wasting time in the process. In addition, as the St. Michael Farm allegations would only be offered to try to show some type of misdeeds by Tyson, none of which support a valid cause of action, this evidence has the potential to unfairly prejudice Tyson at the trial. For these reasons, any references to St. Michael Farm—by Plaintiff, Plaintiff's counsel or any other witness—should be prohibited.

### B. Evidence Concerning Lost Profit Damages Related To St. Paul Farm Is Irrelevant

Plaintiff confirmed in his deposition that he is seeking $407,000 in damages for lost profits from St. Paul Farm. *See* Exhibit B at 312-313; *see also* Exhibit A at ¶ 4.3. Plaintiff sold St. Paul Farm for his initial asking price of $800,000, and has no evidence that the sale was for less than fair value. *See* Exhibit B at 278, 312. Allowing him to recover lost profits from future business proceeds in addition to the proceeds he received from the sale of the farm would be an impermissible double recovery as a matter of law. *See e.g. Protectors Ins. Service, Inc. v. U.S. Fidelity & Guar. Co.*, 132 F.3d 612 (10th Cir. 1998) (plaintiff not allowed to recover business sale proceeds and lost profits); *Albrecht v. The Herald Co.*, 452 F.2d 124 (8th Cir. 1971) (lost profit damages vacated as an impermissible double recovery when fair market value sale price made plaintiff whole); *see also See R.K. v. J.K.,* 946 So.2d 764, 777 (Miss. 2007) ("It is well known that this state does not endorse double recovery."); *Miss. Power Co. v. Harrison,* 152 So.2d 892, 903 (Miss. 1963) ("in computation of damages a person is to be made whole, or complete satisfaction is to be made, or he is to recover the value of the property destroyed; it is never contemplated that the injured party should realize a profit from the damages sustained"). Plaintiff should not be allowed to recover the alleged future profits of St. Paul Farm when he has already received a reasonable (and substantial) sale price for the business.

02971062                                   5

The lost profit damages are legally impermissible and therefore irrelevant to any issue at trial. Furthermore, the probative value of allowing evidence of these damages is substantially outweighed by the potential dangers of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. *See* Fed. R. Evid. 403. For these reasons, the Court should exclude any reference to any future lost profit damages pertaining to St. Paul Farm.

### C. Evidence Concerning Tyson's Financial Condition, Size, and Net Worth Is Inadmissible In The First Phase of Trial

Tyson requests that the Court preclude any evidence or argument about Tyson's net worth, financial status or the company's overall size unless and until the case should reach the punitive damages phase. This evidence is not relevant in the case unless there is first a verdict and damage award for Plaintiff and the Court allows the jury to consider punitive damages in a second phase of the trial. *See Hankins v. Ford Motor Co.,* 2012 WL 174793, at *7 (S.D. Miss. Jan. 20, 2012) ("As to the presentation of specific evidence of wealth and net worth, that evidence is relevant to a determination of punitive damages, if the case should reach that stage."); (*Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *2 (S.D.Miss. July 25, 2008) ("Any evidence regarding [Defendant's] net worth would only be admissible in any second phase of trial."); *see e.g. GuideOne Mut. Ins. Co. v. Rock,* 2009 WL 2252206, at *8 (N.D. Miss. July 28, 2009); *Beck v. Koppers, Inc.*, 2006 WL 924040, at *1 (N.D. Miss. Apr. 7, 2006). Even if this evidence were somehow relevant during the first phase of the trial, the probative value of evidence showing the net worth of Tyson is greatly outweighed by the severe prejudicial effect of such evidence. For all of these reasons, any references to Tyson's financial condition, size and net worth should be prohibited and excluded by this Court unless and until the Court determines punitive damages issues should be considered by the jury.

## **CONCLUSION**

For the foregoing reasons, Tyson Farms, Inc. respectfully requests that this Court enter an Order *in limine* barring during jury selection and at trial Plaintiff, his counsel, and his witnesses from introducing any evidence of, any testimony regarding, or making any direct or indirect reference in any way to St. Michael Farm; future lost profit damages related to St. Paul Farm; or Tyson's net worth, financial status or size. Tyson Farms, Inc. requests such other relief as the Court deems appropriate.

Dated: May 25, 2018.

Respectfully submitted,

**TYSON FARMS, INC**.


By: */s/ William Trey Jones, III*
One of Its Attorneys


**OF COUNSEL:**

R. David Kaufman  MSB #3526
William Trey Jones, III  MSB #99185
R. Lane Bobo  MSB #105263
BRUNINI, GRANTHAM, GROWER & HEWES
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone:     (601) 948-3101
Facsimile:     (601) 960-6902
dkaufman@brunini.com
tjones@brunini.com
lbobo@brunini.com

## **CERTIFICATE OF SERVICE**

I, William Trey Jones, III, hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: May 25, 2018.

>*/s/ William Trey Jones, III*
>William Trey Jones, III
>One of Its Attorneys