**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**THANG QUOC PHAM**                                                                                    **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:17-CV-00125-DPJ-FKB**

**TYSON FARMS, INC.**                                                                                 **DEFENDANT**

**TYSON'S REBUTTAL IN SUPPORT OF ITS**
**MOTION TO STRIKE EXPERT AFFIDAVIT**

It is apparent from Plaintiff's Response that Lefoldt's new affidavit is an attempt to overcome Tyson's summary judgment arguments on the legal deficiencies with his claim for breach of the duty of good faith and fair dealing. Plaintiff cannot satisfy the essential elements of his claim, and under Fifth Circuit law he should not be allowed to use new expert analysis and opinions to correct that deficiency which was demonstrated at the summary judgment stage. Plaintiff contends that the new affidavit is a "rebuttal expert affidavit" that "merely clarifies" his prior expert opinion. See [Dkt. 60] at 4-5. But Lefoldt's new affidavit does not respond to an opposing party's expert analysis and is therefore not a proper rebuttal affidavit.

In addition, the affidavit offers wholly new opinions and theories regarding the fair market value of Pham's business, what he sold and did not sell, and whether the future profits of the business were included in the sale value Pham received. None of those were included in Lefoldt's expert report produced during discovery, even though all of the information for the affidavit has been available to Plaintiff from the outset of the case. Plaintiff has failed to show substantial justification for this untimely expert analysis. If this Court were to rely on the affidavit and deny summary judgment, Tyson would be severely prejudiced. Moreover, even if the Court were to find that the affidavit can be considered under the procedural rules, which it

03017583

should not, Lefoldt's new opinions are directly contrary to established law and factually unsupported and therefore cannot allow Plaintiff to avoid summary judgment in any event.

**I.     Lefoldt's affidavit is not a proper rebuttal expert affidavit but instead offers new and different analysis and opinions in attempting to avoid summary judgment.**

Plaintiff argues that the Court should deny Tyson's Motion to Strike because Lefoldt's affidavit does not offer a "new opinion to be offered in his case-in-chief" but is instead a rebuttal expert opinion.  See [Dkt. 60] at 4.  Federal Rule 26(a)(2)(D)(ii) provides that rebuttal expert opinions are those that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosure.  See also Cooper Tire and Rubber Co. v. Farese, 2008 WL 5104745, *2 (N.D. Miss. Nov. 26, 2008) (granting motion to strike since affidavit was not a proper rebuttal affidavit because it was not intended solely to contradict or rebut evidence from the other party's expert).  Tyson did not designate an expert witness.  Thus, under the plain language of Rule 26, Lefoldt's affidavit is not a proper rebuttal expert disclosure.

Plaintiff argues that the Court should accept Lefoldt's affidavit because it is being offered to rebut Tyson's summary judgment arguments.  That is exactly why Fifth Circuit law mandates that the affidavit be stricken.  See Cooper Tire, supra, at *4 (citations omitted).  The Fifth Circuit clearly recognizes that an "affidavit submitted to rebut arguments in a summary judgment motion may be excluded if it differs from the earlier Rule 26 report."  Id.  (citations and quotation omitted).  The Fifth Circuit case law dictates that expert reports cannot be used to "fix" problems with a party's case or initial expert reports and cannot serve to buttress opinions or shore up problems revealed in summary judgment briefing.  Id.; see also Reliance Ins. Co. v. Louisiana Land & Exploration Co., 110 F.3d 253, 258 (5th Cir.1997); Antoine-Tubbs v. Local 513, Air Transport Div., Transport Workers of America, AFL-CIO, 1999 WL 642665, *2 (5th Cir. July 19, 1999); Buxton v. Lil' Drug Store Prod., Inc., 2007 WL 2254492, *7 (S.D. Miss.

Aug. 1, 2007); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 603 (S.D. Tex. 2001); Cleave v. Renal Care Group, Inc., 2005 WL 1629750, *1 (N.D. Miss. July 11, 2005).

If a party could submit new expert analysis and opinions anytime an opposing party exposes legal deficiencies of the claims in summary judgment proceedings following discovery, case management deadlines would be meaningless. Plaintiff argues that Tyson's arguments concerning Pham's inability to recover lost profits because he sold the business for fair value are "belated" because they came after the expert and discovery deadlines. See [Dkt. 60] at 5. Tyson had no obligation to explain to Plaintiff before his expert deadline or the discovery deadline that he had not produced evidence sufficient to establish the essential elements of his claim. It is Plaintiff's burden to prove his case, and it is likewise his duty to disclose by the expert deadline a full and complete statement of all supporting expert opinions along with all of the bases and reasons for them, a detailed and complete discussion of all facts and data considered by the expert in forming the opinions, and any exhibits that will be used to support the opinions. South v. Austin, 2016 WL 7077617, *1 (S.D. Miss. Dec. 2, 2016) (citing FRCP 26(a)(2)(B)).

It is apparent what happened here. Not until the summary judgment proceedings did Plaintiff realize the fatal flaw in his good faith and fair dealing claim – that since Plaintiff sold his business for fair value he cannot recover the lost future profits from the business and thus cannot establish the fundamental element of denial of a contractual benefit. Fifth Circuit law is clear that just because Plaintiff did not appreciate the deficiency in his claim until summary judgment briefing does not mean he should have the opportunity to "rebut" and fix the problem with new expert analysis.

Contrary to Plaintiff's best effort to cast them as "mere clarifications," the opinions from Lefoldt in this new affidavit are certainly new and different from his prior Rule 26 report. The

affidavit offers completely new analysis and opinions about the fair market and going concern business value of the farm, the sale of the business, and Lefoldt's new theory that Pham did not receive any value for the business profits when he sold the farm. He now attaches the appraisal and says that he reviewed the appraisal in formulating his opinions (though his Rule 26 report lists the documents he reviewed and does not say he reviewed the appraisal). This analysis and opinions were not in Lefoldt's Rule 26 report, are not supported by any testimony from Pham himself, are inconsistent with the report of Plaintiff's expert Gibson, and are inconsistent with the argument from Plaintiff's counsel at the summary judgment hearing.[1] It is manifest from a review of this new affidavit compared to Lefoldt's Rule 26 report that he is now trying to add new and different analysis for new and different opinions, and he is considering new information for his new analysis.

Plaintiff attempts to divert attention from Lefoldt's new opinions by making even more of his own new arguments to advance his faulty position that the sale of the business did not account for future profits. Plaintiff argues that the sale contract somehow shows that the sale price did not account for the business's profits. This is lawyer argument and analysis that is not included in Lefoldt's report or affidavit, neither of which has any discussion about the terms of the sales contract. In any event, the sales contract is a form Realtor contract, and nothing in it provides that the profits of the business and going concern value are not included in the sale price.

Likewise, Plaintiff's own newfound analysis of the appraisal and the "market sales comparison value" on page 3 and footnote 1 of his Response is more lawyer argument that is

---

[1] There is nothing misleading about Tyson's characterization of Plaintiff counsel's arguments at the summary judgment hearing. For example, the Court specifically asked counsel if the whole reason Pham made "more money" when he sold the business was because the sale contemplated that the buyer would have a similar contract with Tyson and earn the profits of an ongoing business. Counsel admitted: "Right." See [Dkt. 56-2] at 58-59.

found nowhere in Lefoldt's report or affidavit – and is inconsistent with the Gibson report. See [Dkt. 60] at 3.  Moreover, the appraisal itself states that "income data" from the comparable businesses was indeed considered in the "sales comparison" approach but because of problems with that approach in the farming business, the appraisal provides a reconciled value unquestionably including the business's future profits.  See [Dkt. 57-1], "Exhibit B," at 58, 60, 62, and 72.

The only timely and appropriate expert analysis  in this case that considered and evaluated the fair market and appraised value of the business in relation to its sale was that of Plaintiff's expert Gibson, who correctly concluded that the fair market value of the business included the future profits and income to be derived from the business.  Plaintiff himself points out in his Response that Gibson opined that without the broiler production contract on the farm (and its resulting future profits) "the marketability declines because the farm is not operating and the structures/equipment without a contract is worth nothing."  See [Dkt.60] at 8.  Gibson's opinion is fully consistent with the established case law holding that a seller obtains the value of the business's future profits when he sells the business and cannot then recover additional lost profits in court.

**II.    Plaintiff has not met his burden to show that the late affidavit is substantially justified or harmless.**

Since Lefoldt's affidavit is not a proper expert rebuttal affidavit and contains new and different analysis from his Rule 26 report, the affidavit must be stricken unless Plaintiff can show that his untimely submittal was substantially justified or harmless. Cooper Tire, supra at *4. Plaintiff correctly identifies the four factors that the Court should consider in determining if Plaintiff has met his burden.  See [Dkt. 60] at 6.  However, Plaintiff does not discuss the four

factors in any detail, or explain or elaborate on how he has met the four factors. Indeed, Plaintiff has utterly failed to carry his burden on those four points.

As an initial matter, courts in Mississippi and the Fifth Circuit have routinely held that where untimely expert testimony is based on information available prior to the deadline for expert disclosures, the late testimony is not substantially justified. Cooper Tire, supra, at *4 (citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir.1996)). Plaintiff does not even attempt to argue that Lefoldt's new affidavit is based on information unavailable prior to the expert disclosure deadline.

With regard to the importance of the analysis in Lefoldt's testimony, Plaintiff apparently believes it is unimportant. He argues that the affidavit and the Motion to Strike are "moot" because the affidavit is simply a "clarification" relevant only to damages. See [Dkt. 60] at 1-2. As further explained below, Tyson submits that summary judgment should be granted regardless of whether the Court allows or disallows the affidavit under the procedural rules. In addition, if Lefoldt's new opinions are considered important, "the Fifth Circuit has stated that the claimed importance of expert testimony underscores the need for plaintiff to have timely" disclosed the opinions. Bailey v. Stanley Access Tech., Inc., 2015 WL 6828921, *3 (N.D. Miss. Nov. 6, 2015) (quoting Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990)).

Plaintiff has no valid explanation for why he waited so late to offer this new analysis from Lefoldt. It is not a legitimate excuse to say that he did not realize he needed to consider the sale of the business until Tyson pointed it out during summary judgment proceedings. Plaintiff complains that Tyson did not depose Lefoldt or file a Daubert motion. However, because Lefoldt's Rule 26 report simply calculated the lost profits remaining under the contract and offered no opinions or analysis about the sale of the business, Tyson did not need to depose him

about an analysis he did not perform.  Tyson is not at this time challenging the methodology or reliability of the lost profit calculations that Lefoldt performed in his Rule 26 report.  If necessary, that will come later.  The problem with Plaintiff's claim is that he cannot recover those profits as a matter of law because he sold the business.  In any event, there is no requirement to file a <u>Daubert</u> motion.  Tyson can challenge the legal sufficiency of Plaintiff's claims (and the admissibility of his experts' testimony) at any point – even at trial.  Moreover, a <u>Daubert</u> motion would still have been after the discovery deadline and too late for Plaintiff to add the new opinions.  At bottom, Plaintiff is complaining that Tyson did not alert him sooner about the flaw in his claim.  That is not a valid explanation for submitting the affidavit late.

Plaintiff cites two Texas cases in support of his argument that he should be allowed to use this untimely "rebuttal" affidavit because it was substantially justified.  <u>See</u> [Dkt. 60] at 7.  The circumstances of this case, however, are completely different from those cases.  Importantly, neither of those cases involved a plaintiff's submitting an affidavit with new analysis and opinions in response to summary judgment arguments.  Moreover, those cases cited a <u>Confederated Tribes</u> case from Oregon that is not consistent with Fifth Circuit precedent on this issue.  Indeed, fully consistent with the Fifth Circuit law on this point, a very recent opinion distinguishes the Texas case with language explaining precisely why Lefoldt's new affidavit is improper:  "Supplementation, however, is not a license to amend an expert report to avoid summary judgment.  Courts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report."  <u>See</u> <u>Collinge v. InelliQuick Delivery, Inc</u>., 2017 WL 3887337, *2 (D. Ariz. Sept. 6, 2017) (internal quotations and citations omitted).

With regard to prejudice, it cannot be seriously disputed that Tyson would be prejudiced significantly if the Court accepts the affidavit and denies summary judgment. Tyson had no opportunity to depose Lefoldt on this new analysis in the affidavit or to provide opposing expert analysis, if necessary, and the affidavit was not even received until after Tyson had completed its briefing on the summary judgment motion. In addition, if summary judgment is denied, Tyson will have been denied the opportunity to respond to Lefoldt's theories at trial with its own expert's testimony.

Moreover, a continuance would not cure Tysons' prejudice under the current circumstances, and Plaintiff has not requested a continuance. Indeed, Tyson has already incurred substantial expense in completing discovery and dispositive motion briefing (and now motion to strike briefing). All deadlines in this case have expired, discovery is over, and expert disclosures have long since been completed. It would be unduly burdensome and expensive and exceedingly unfair for the Court at this point to accept the late affidavit with new expert analysis in response to summary judgment and start over with more discovery, expert depositions, a potential new expert from Tyson, a potential <u>Daubert</u> motion, and more summary judgment briefing. This is particularly true given that Plaintiff cannot establish the other factors to show substantial justification for the late affidavit.

Plaintiff has had his opportunity to litigate this case and produce the information he needed to prove the elements of his claims within the deadlines. He failed to do so, and it is not appropriate to reopen all the deadlines just to allow him to fix problems exposed at summary judgment. <u>See</u> <u>Buxton v. Lil' Drug Store Prod., Inc</u>., 2007 WL 2254492, *7 (S.D. Miss. Aug. 1, 2007) (importance of late expert opinion cannot override scheduling orders; late expert opinions delay the opponent's preparation of the case and are prejudicial, and continuance which would

cause more delay and expense is not warranted); see also Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004).  Moreover, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." Id. Otherwise, as the Fifth Circuit reasoned in Hamburger, "the failure to satisfy the rules would never result in exclusion, but only in a continuance." Id.; see also Robbins v. Ryan's Family Steak Houses East, Inc., 223 F.R.D. 448, 454 (S.D. Miss. 2004) (excluding supplemental expert testimony and noting violation of scheduling order should not result in continuance when other factors support striking the new opinion).

III. **The summary judgment motion should be granted even if the Court finds Lefoldt's new affidavit can be accepted under the procedural rules.**

Plaintiff begins his Response by arguing that Lefoldt's affidavit and the Motion to Strike are moot for purposes of the Court's ruling on the summary judgment motion. See [Dkt. 60]. Implicit in that point is that the central issue before Court is a question of law.  Tyson agrees. The whole issue about whether lost profits can be recovered in a case like this involving a fair market value sale and whether the absence of recoverable profits renders the good faith and fair dealing claim deficient are questions are law for the Court to decide.

It is plain to see from Plaintiff's Response that what he is trying to do is have Lefoldt give an opinion that is both inconsistent with established law and unsupported by any factual basis.  Lefoldt opines, in a verbatim repeat of Plaintiff's legal argument in his briefs, that lost future profit damages are "separate from and independent" of the fair market appraised value of the farm received in the sale.  See [Dkt. 54] at 6-7.  The effect of a fair market sale on the ability to recover future profits is a legal issue.  If the Court agrees with Tyson's case law and arguments on that point, Lefoldt's affidavit cannot change the law, and summary judgment

should be granted.  See GuideOne Elite Ins. Co. v. Mount Carmel Ministries, 676 Fed. Appx. 269, 281 (5th Cir. 2017) (court should not consider expert opinions on legal issues).

Plaintiff contends that Lefoldt's new opinion just "clarifies" that his prior opinion is not inconsistent with the appraisal.  See [Dkt. 60] at 5.  However, Lefoldt's affidavit offers the new opinion that Plaintiff only received fair market value for the land and equipment and that he did not receive any value for the going concern or future income to the business.  He gives that opinion without any discussion of the content of the appraisal or any other relevant facts.  This new opinion is not supported by any evidence from Pham himself and is directly contrary to Gibson's expert report.  It is undisputed that: (a) Pham recovered the first and only amount he ever asked for when selling the business, (b) Pham himself has submitted no evidence concerning the value he intended to or did receive in the sale, and (c) the Gibson expert report makes clear that the fair market value of the farm included the future profits of the business.  As such, Lefoldt's affidavit is a baseless opinion that is also contrary to the law and should not be considered to defeat summary judgment.

Plaintiff argues in the Response (as Lefoldt does in his new affidavit) that the 2012 contract was not assigned and that plaintiff did not sell his stream of income.  See [Dkt. 60] at 3. Whether it is Plaintiff's stream of income or the buyer's expected income and profits, the case law establishes as matter of law that when a seller obtains fair value for his business, he is "deemed" to have "necessarily" obtained the value of the future profit earning potential of the business and that allowing a further recovery of additional lost profits would be an impermissible double recovery – the right to obtain lost future profits is "foregone upon sale".  See [Dkt. 56] at 13-15.  Plaintiff has still yet to cite any case contrary to this legal reality.  Lefoldt has never – not in his report, during discovery, or in his affidavit – accounted for any value that Pham would

have received in the sale. He just says they are independent. This new opinion is flawed a matter of law.

Plaintiff also asserts in the Response that the Lefoldt affidavit and his opinions about the recovery of lost profits under the contract pertain only to proof of damages and not the essential legal elements of a claim for breach of good faith and fair dealing. See [Dkt. 60] at 2. That is not so. As Tyson explained in prior briefing, while it may be true that a plaintiff need not establish damages as an element of an ordinary breach of contract claim, the essential elements are different with a claim for breach of the covenant of good faith and fair dealing. As reflected in the complaint in this case, the claim for breach of good faith and fair dealing is a separate and different cause of action with different elements from the breach of contract claim. See also In re Evans, 2012 WL 2374237, *17 (Bankr. S.D. June 22, 2012) (breach of the duty of good faith provides the injured party with a cause of action in addition to his separate claim for breach of contract) (emphasis added).

As acknowledged in Pham's own summary judgment briefing in this case, a definitional and fundamental component and element of a good faith and fair dealing claim is that the plaintiff show that he was denied a contractual expectation and benefit of the bargain. As such, a plaintiff must show that he lost some recoverable contractual benefit in order to establish a breach of the covenant in the first instance – the deprivation of the benefit is inherent in the breach. Numerous courts have granted summary judgement on good faith and fair dealing claims because the plaintiff cannot satisfy the required element of a denial of a contractual benefit. See, eg., Phelps v. Frampton, 170 P.3d 474, 485 (Mont. 2007) (by failing to show a right to recover under the contract, plaintiff failed to show a breach of the covenant; when the

defendant deprives a party of his contractual benefit, the covenant is breached); see also [Dkt. 56] at 5-18.

Plaintiff cites Business Communications Inc. v. Banks and Cenac v. Murry in support of his argument that the lost profits issue in Lefoldt's affidavit goes to damages and not the required elements of the good faith and fair dealing claim. See [Dkt. 60] at 1. Banks did not even involve a good faith and fair dealing claim and is therefore inapposite. In Cenac, there was no question or argument before the court about whether the element of denial of a contractual benefit was satisfied. This element was clearly satisfied, as the court found that the defendant's plan from the very beginning was to deprive the plaintiff of his ultimate benefit under the contract – the purchase of the store. The court remanded the case for a determination of damages because the plaintiffs had sought only rescission throughout the course of the case, but the court ruled as a matter of first impression that the proper remedy for breach of good faith and fair dealing is contract damages. Cenac v. Murry, 609 So.2d 1257, 1273-75 (Miss. 1992). There was no question that the plaintiffs had lost the benefit of the contract. The issue on remand was how much in damages they had suffered. Cenac is different from this case in which, as a matter of law and the undisputed facts, Plaintiff has lost no recoverable benefit under his contract.

As plaintiff appears to recognize, the outcome of the summary judgment motion turns on the Court's determination of the required legal elements of a claim for good faith and fair dealing. Lefoldt's new affidavit cannot change the law on whether selling a business for fair market value precludes Plaintiff from seeking additional lost future profits and whether that preclusion defeats his good faith and fair dealing claim. This is particularly true since Lefoldt offers no factual basis for his new opinion and it is inconsistent with Plaintiff's other expert evidence in the case. As such, even if the Court were to find that the new affidavit can be

accepted under the procedural rules, Lefoldt's new opinions are inconsistent with established law and not based on any facts in the record and therefore cannot overcome summary judgment.

## CONCLUSION

Lefoldt's new affidavit does not rebut information from Tyson's experts, and therefore is improper. Instead, it adds new opinions and analysis after the expert and discovery deadlines in an attempt to avoid Tyson's summary judgment arguments and prove the essential elements of Plaintiff's claim. In addition, Plaintiff has failed to show that this new, untimely affidavit was substantially justified or harmless. Therefore, the affidavit should be stricken. In addition, even if the Court were to find that the affidavit can be considered under the procedural rules, which it should not, Lefoldt's new opinions are directly contrary to established law, unsupported by any factual basis and therefore do not allow Plaintiff to avoid summary judgment.

Dated: July 5, 2018.

Respectfully submitted,

**TYSON FARMS, INC**.

By: */s/ William Trey Jones, III*
One of Its Attorneys

**OF COUNSEL:**

R. David Kaufman MSB #3526
William Trey Jones, III MSB #99185
R. Lane Bobo MSB #105263
BRUNINI, GRANTHAM, GROWER & HEWES
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
dkaufman@brunini.com
tjones@brunini.com
lbobo@brunini.com

**CERTIFICATE OF SERVICE**

I, William Trey Jones, III, hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: July 5, 2018.

<div style="text-align:right">

*/s/ William Trey Jones, III*
William Trey Jones, III
One of Its Attorneys

</div>